**IN RE: Robert J. ANDRESIAK and Joann D. Andresiak, Debtors.**

**Case No. GG 15–02276–jtg**

United States Bankruptcy Court, W.D. Michigan.

Signed: May 24, 2017

Michael M. Malinowski, Michael M. Malinowski PLC, Grand Rapids, MI, for Debtors.

## ORDER GRANTING IN PART, AND DENYING IN PART, FEE APPLICATION

John T. Gregg, United States Bankruptcy Judge

This matter comes before the court on a fee application [Dkt. No. 39] (the "Application") filed by Michael M. Malinowski PLC (the "Applicant"), counsel for the debtor in the above-captioned case. In the Application, the Applicant requests that the court award compensation in the amount of $493.32 for the period of November 1, 2016 through March 31, 2017. The court scheduled the Application for hearing [Dkt. No. 42] on May 23, 2017, at which Michael M. Malinowski, Esq. appeared on behalf of the Applicant.

At the hearing, the court expressed concern with the fact that in its previous fee application [Dkt. Nos. 32], the Applicant sought $775.28, of which $220.00 related to an even earlier fee application [Dkt. No. 23]. In the Application currently before the court, the Applicant requested an additional $220.00, nearly half of the overall compensation sought.[1]

---

1. A pattern is emerging, as the Applicant appears to bill one hour of time for every fee application it files. *See, e.g.,* In re Snoeyer, Case No. 15–00888 (Bankr. W.D. Mich.); In re Burton, Case No. 12–04315 (Bankr. W.D. Mich.); In re McGregor, Case No. 14–00173 (Bankr. W.D. Mich.); In re Porter, Case No. 14–06029 (Bankr. W.D. Mich.). The afore-

The Applicant responded by stating that it files fee applications approximately every six months and that the proportionality (or lack thereof) was "the result of the reality of working in the industry," apparently meaning that fee applications with one hour of preparation time are standard industry practice. After the Applicant declined the opportunity to present the court with authority as to the reasonableness of the fees sought, including the proportionality of the fees sought for preparation of an interim fee application, the court took the matter under advisement.

■ A professional seeking compensation in a Chapter 13 case bears the burden of proving that the compensation is reasonable. *In re Copeland*, 154 B.R. 693, 699 (Bankr. W.D. Mich. 1993). Section 330(a)(6) permits a professional to seek compensation for reasonable time spent preparing a fee application. *In re Rose*, 561 B.R. 70, 78 (Bankr. W.D. Mich. 2016). While this court has previously commented that an hour of time for preparation of a fee application is generally the maximum amount the court will approve in a Chapter 13 case, it has also cautioned that one hour may not be reasonable in all cases. *See In re Acevedo*, 2014 WL 6775272, at *3 (Bankr. W.D. Mich. Nov. 24, 2014). Other courts have held that the time spent preparing a fee application may not exceed a certain percentage of the total compensation sought in the application, absent exceptional circumstances. *See, e.g., In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998) (no more than five percent of total fees requested). Another court, in lieu of establishing a set percentage which time spent preparing a fee application may not exceed, simply awarded compensation for only fifty percent of the time spent preparing fee applications, as it found that pro-

fessionals spent "an inordinate amount of time preparing fee applications" and charged for billing tasks more appropriately described as clerical. *In re ACT Mfg., Inc.*, 281 B.R. 468, 485–86 (Bankr. D. Mass. 2002).

■ The court has previously noted that an attorney may not bill time for the sake of billing time. *See In re Rose*, 561 B.R. at 79. Rather than apply a fixed percentage, however, this court believes it more appropriate to consider a range of time for preparation of fee applications, depending on the complexity of the case, the need for detail in the text of the application, and the total amount of fess sought in the particular application, among other things. *See also In re Boddy*, 950 F.2d 334 (6th Cir. 1991).

Importantly, other attorneys seeking compensation for preparation of fee applications in the Western District of Michigan have spent significantly less time preparing fee applications. *See, e.g., In re Hirsch*, 550 B.R. 126, 143 (Bankr. W.D. Mich. 2016) (.7 hours of time apportioned between attorney and paralegal appropriate for preparation of application seeking $5,433 in fees); *In re Echols*, Case No. 11–07607 (attorney time of .4 preparing fee application seeking $1,949 in fees); *In re Stalter*, Case No. 16–01009 (attorney time of .4 preparing fee application seeking $4,229 in fees); *In re Nuyens*, Case No. 15–04300 (attorney time of .5 preparing fee application seeking $1111 in fees); *see also In re Copeland*, 154 B.R. at 699 (court relies on its own knowledge and experience as to reasonableness of fees).

■ In this case, the Applicant seeks $220.00 for one hour of time spent preparing the previous application. The Applicant

---

mentioned list is non-exhaustive, and the court notes that in other cases, the Applicant

has consistently billed one hour of time without deviation.

did not apportion the time between an attorney and paralegal, as it could have done. The application appears to be a form that the Applicant uses in all cases and lacks any narrative (beyond that can be gleaned from the itemized statement itself) of the specific services. In other words, the case is not complex and the application is not detailed (nor does it need to be).[2] Finally, based on this court's own observations in other cases, including those cited herein, it was unreasonable for the Applicant to bill one hour of attorney time preparing the application. The Applicant's practice of billing one hour of time in this case (and others) does not comport with the reasonable practices in Chapter 13 bankruptcy cases in this District.

In sum, the court finds that the Applicant has not satisfied its burden of demonstrating that one hour of time spent preparing the previous application is reasonable. The court shall reduce the compensation sought by $110.00.

IT IS HEREBY ORDERED THAT:

1. The Application is approved in part and denied in part.

2. The Applicant is awarded compensation on an interim basis in the amount of $383.32 pursuant to 11 U.S.C. §§ 330 and 331.

3. The compensation awarded is entitled to be paid as an administrative expense under 11 U.S.C. § 503.

4. This court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

2. The Applicant may wish discuss with its clients the creation of an escrow for administrative expenses as part of the plan confirmation process in order to ensure that funds are available to satisfy any administrative expenses allowed in the future. *See In re Cripps,*

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Michael M. Malinowski, Esq., Elizabeth Clark, Esq., Robert J. Andresiak and Joann D. Andresiak and the United States Trustee at the following address:

Matthew W. Cheney, Esq.

Office of the United States Trustee

The Ledyard Building

2nd Floor

125 Ottawa Ave., N.W.

Grand Rapids, MI 49503

549 B.R. 836, 865-66 (Bankr. W.D. Mich. 2016). The Applicant should also be aware of its obligation to identify in fee applications the effect that any compensation awarded will have on a Chapter 13 debtor's plan. *See* LBR 2016-2(e)(B).